**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4727**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

NORMAN LEE GROOMS,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, Senior District Judge. (3:91-cr-00005-nkm-mfu-1)

_____

Submitted: November 24, 2010    Decided: December 23, 2010

_____

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Andrea L. Harris, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Charlottesville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Nancy S. Healey, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norman Lee Grooms appeals the eleven-month sentence imposed on him upon revocation of his supervised release. Grooms argues that his sentence is plainly unreasonable because consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a) (2006) supports imposition of a sentence shorter than eleven months. He also contends that the district court failed to adequately explain its reasons for his sentence and did not address factors supporting a downward variance. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "This initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439) (applying "plainly unreasonable" standard of review for probation revocation). Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the second step of the analysis to determine

2

whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range based upon Chapter Seven of the U.S. Sentencing Guidelines Manual and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 438-40. A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

We find that Grooms' sentence is procedurally reasonable. The district court engaged counsel in a discussion concerning an appropriate sentence in light of Grooms' past history and his conduct leading to the instant supervised release violation. The court concluded Grooms demonstrated an unwillingness to follow the provisions of his supervised release and it sentenced him accordingly.

Grooms maintains his sentence did not rest on a proper basis and relies principally on the district court's unwillingness to consider the lengthy sentence Grooms has already served for his original offense. However, the district court's approach was the correct one. While it did not consider Grooms' original offense, it did consider the circumstances of his instant violation in the context of the applicable considerations enumerated in § 3553(a). We therefore find Grooms' sentence substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED